The Honorable Charlie Cole Chaffin State Senator Rt. 3, Box 1057 Benton, Arkansas 72015
Dear Senator Chaffin:
This is in response to your request for an opinion concerning the automatic payroll deduction of union dues from the paychecks of state employees. Specifically, you note that a group of state employees have formed a union called "Self-Help" and have requested dues "check-off" or withholding from paychecks of members. You indicate that this union has run into problems getting the state to withhold dues. Your question is as follows:
 Is there a current statute or constitutional prohibition which would preclude payroll deduction of union dues for an independent union for state employees?
It is my opinion that the answer to your question is "no." Reference should be made, however, to any applicable rules and regulations promulgated by the Chief Fiscal Officer of the state, (the Director of the Department of Finance and Administration, see A.C.A. § 19-1-201), and it appears that this officer has some discretion in deciding whether to allow deductions.
The controlling statute is A.C.A. § 19-4-1602, which states in pertinent part as follows:
 (a) Deductions from the payrolls of state employees, both regular and extra help, shall be permitted only for the following purposes:
 * * *
 7) Payment of union dues, when requested in writing by state employees.
 * * *
 (b) Deductions as are authorized by this section shall be made in compliance with rules, regulations, and procedures established by the Chief Fiscal Officer of the State.
This statute thus expressly provides that union dues may be deducted from state employees' paychecks when requested in writing by state employees. The Chief Fiscal Officer of the State, however, can regulate the manner in which these deductions are made. Additionally, it has been specifically held that the Chief Fiscal Officer's responsibility to deduct union dues is permissive rather than mandatory. Arkansas State HighwayEmployees Local 1315 v. Smith, 257 Ark. 174, 515 S.W.2d 208
(1974). Some measure of discretion is thus left to him in determining whether deductions are to be made. His decision may therefore take into account policy considerations apart from legal requirements, as this office has recognized by a June 5, 1991, letter to the Office of Personnel Administration. In short, the Chief Fiscal Officer, who is accountable to the Governor, may exercise some executive discretion in this matter. You may wish to direct any further inquiry to that officer.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh